**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JESSICA A. HILLEY,

                Plaintiff,

-vs-                                                  Case No.  8:06-cv-1986-T-24TGW

HOME DEPOT U.S.A., INC., d/b/a
THE HOME DEPOT,

                Defendant.
_____/

## **O R D E R**

This cause comes before the Court for consideration of Plaintiff's motion to remand (Doc. No. 6).  Defendant removed this case from state court alleging that this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  Defendant adequately addressed both the citizenship of the parties and the amount in controversy required to confer jurisdiction on this Court.

Plaintiff has filed a motion to remand alleging that "Defendant does not possess a viable cause of action in federal court insofar as Plaintiff's state court complaint does not raise any federal issues" and continues that "diversity alone does not support jurisdiction of this honorable Court." (Doc. No. 6 at p. 2).  Plaintiff contends that the evidence proffered by Defendant that the amount in controversy is satisfied "is not probative for establishing jurisdiction in circumstances where no underlying federal question exists."  (Doc. No. 6 at p. 2).  Plaintiff seems[1] to argue that diversity of citizenship jurisdiction is not enough, in and of itself, to confer jurisdiction on this Court.

Plaintiff cites to three cases - none of which support the argument that this Court lacks

---

[1] The Court uses the term "seems" in order to give Plaintiff the benefit of the doubt and in hopes that the Court has misconstrued Plaintiff's remarkable, if not outlandish, argument.

jurisdiction because the complaint does not contain a federal or constitutional claim. Instead the cases deal with complaints removed to federal court based on an assertion of federal preemption. Federal preemption, however, is completely inapplicable to the case at bar and unrelated to diversity jurisdiction.

Although entertained by Plaintiff's novel argument, this Court respectfully declines to rewrite the basic rules of civil procedure to hold that diversity jurisdiction alone is insufficient to confer jurisdiction on this Court where the civil action does not also arise under the Constitution, laws or treaties of the United States. To so hold would, in essence, eliminate 28 U.S.C. § 1332 (diversity of citizenship) as a basis for jurisdiction and only recognize 28 U.S.C. § 1331 (federal question). The Court suggests that counsel for Plaintiff hunker down with a civil procedure treatise of his choice and re-familiarize himself with the sections on the jurisdiction of federal courts.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's motion to remand (Doc. No. 6) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of November, 2006.

SUSAN C. BUCKLEW
United States District Judge